CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
June 26, 2024
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
    DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | |
|---|---|
| **TYRELL BROWN,** | )<br>) |
| Plaintiff, | ) Case No. 7:23CV00567<br>) |
| v. | ) **OPINION AND ORDER**<br>) |
| **CORRECTION OFFICER S. COLLIER, ET AL,** | ) JUDGE JAMES P. JONES<br>)<br>) |
| Defendants. | ) |

*Tyrell Brown*, PRO SE PLAINTIFF; *Andrew Page*, Assistant Attorney General, OFFICE OF THE ATTORNEY GENERAL, CRIMINAL JUSTICE & PUBLIC SAFETY DIVISION, Richmond, Virginia, *for Defendants*.

Tyrell Brown, a Virginia inmate proceeding without counsel, has filed a Complaint under 42 U.S.C. § 1983. He alleges that while he was confined at Wallens Ridge State Prison (Wallens Ridge), Officers Collier and Boggs violently assaulted him in violation of the Eighth Amendment. The Complaint also asserts claims against the Virginia Department of Corrections (VDOC), former VDOC Director Harold Clarke, Head of Operations David Robinson, Wallens Ridge Warden Davis, Assistant Warden Russell, and Major Blevins (collectively, the supervisory defendants). Collier and Boggs have filed an Answer, while the supervisory defendants have filed a Motion to Dismiss. For the reasons set forth below, I will grant the Motion to Dismiss.

I.

Brown alleges that on September 7, 2021, between 3:00 and 4:00 p.m., Brown began experiencing chest pains. He asked Collier to allow him to see a nurse. Collier told Brown to wait for the pill pass scheduled to begin in five minutes. At the pill pass, the nurse gave Brown a form he needed to fill out to receive medication. Brown sat down at a table and began filling out the form. Collier rushed Brown, stating, "If you're not getting medication, you need to step in your cell." Compl. ¶ 8, ECF No. 1.

Having completed the form, Brown walked to the nurse's office door and stood there, waiting to obtain medication. Collier walked over to Brown, yanked his arm, pulled out a can of mace, and sprayed Brown's eyes and face. While doing so, Collier allegedly yelled "racial and sexual slurs." *Id.* at ¶ 10. Around the same time, Boggs, stationed in the gun booth, shot "a green OC maceball projectile into [Brown's] back extremities causing [him] to forcefully fall to the floor." *Id.* at ¶ 11. As a result of the officers' attack, Brown suffered back trauma requiring him to wear a back brace, extreme pain due to the irretrievable projectile fragments lodged in his back, and emotional distress including nightmares.

In the § 1983 Complaint, Brown asserts that Collier and Boggs used excessive force in violation of the Eighth Amendment and that the supervisory defendants failed to prevent that use of force. Brown further alleges that the officers' actions

violated prison policy concerning the use of force. Brown seeks declaratory, injunctive, and monetary relief. Brown has responded to the supervisory defendants' Motion to Dismiss, making it ripe for consideration.

II.

A 12(b)(6) motion to dismiss "challenges the legal sufficiency of a complaint." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). To survive a 12(b)(6) motion, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).[1] A complaint is facially plausible if the allegations within the complaint support a "reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

The court must assume that the factual allegations in a complaint are true but need not assume as true conclusory statements unsupported by facts. *Id.* A complaint consisting of "labels and conclusions or a formulaic recitation of the elements of a cause of action" cannot meet the threshold requirement of plausibility. *Id.*

---

[1] I have omitted internal quotation marks, citations, and alterations here and throughout this opinion, unless otherwise noted.

III.

A state, including an agency operating as an arm of the state, is not a "person" subject to suit under § 1983. 42 U.S.C §1983; *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70 (1989). Since VDOC is a state agency, all claims against VDOC must be dismissed. In addition, state officials acting within their official capacity are not suable for damages under § 1983, although they can be sued for injunctive relief. *Id.* at 71 n.10. Thus, I will grant the Motion to Dismiss as to all claims against the VDOC and against the supervisory defendants in their official capacities.

Moreover, Brown's allegation that the officers violated prison policy does not state a claim under the Eighth Amendment. Allegations that state officials have not followed their own policies or procedures, standing alone, do not amount to constitutional violations. *Riccio v. Cnty. of Fairfax, Va.*, 907 F.2d 1459, 1469 (4th Cir. 1990) (holding that if state law grants more procedural rights than the Constitution requires, state's failure to abide by that law is not a federal due process issue).

IV.

A correctional officer who uses excessive force may be liable under the Eighth Amendment for cruel and unusual punishment. An excessive force claim has an objective prong and a subjective prong. *Brooks v. Johnson*, 924 F.3d 104, 112 (4th Cir. 2019). Under the objective prong, the amount of force used must be

"sufficiently serious to establish a cause of action," meaning that the force applied must be "more than de minimis." *Id.* Under the subjective prong, a defendant must have a "sufficiently culpable state of mind." *Id.* The requisite state of mind exists when the defendant evinces "wantonness in the infliction of pain." *Id.* A defendant inflicts pain wantonly when force is applied "maliciously and sadistically for the very purpose of causing harm." *Id.* at 113.

While Brown's Complaint alleges plausible excessive force claims against Collier and Boggs, it does not state facts showing that any of the supervisory defendants used excessive force against him. Thus, he is apparently attempting to prove claims of vicarious liability or supervisory liability against them. Both of these theories fail.

Vicarious liability is a superior's automatic liability for the unlawful actions of subordinates, irrespective of the superior's culpability. Because "vicarious liability is inapplicable to . . . § 1983 suits," the supervisory defendants are not automatically liable for any wrongful acts by Collier and Boggs. *Iqbal*, 556 U.S. at 676. A plaintiff seeking to implicate supervisors in a constitutional violation "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.*

A plaintiff may prove a supervisor's liability by stating facts demonstrating that the defendant's actions evinced "deliberate indifference or tacit authorization"

towards "a pervasive and unreasonable risk of harm from some specified source." *Slakan v. Porter*, 737 F.2d 368, 373 (4th Cir. 1984). Deliberate indifference may be shown by a "supervisor's continued inaction in the face of documented widespread abuses." *Id.* For a supervisory liability claim, the plaintiff must show three elements: the official's actual or constructive knowledge of the requisite risk, his deliberate indifference towards that risk, and "an affirmative causal link" between the indifference and the constitutional injury. *Carter v. Morris*, 164 F.3d 215, 221 (4th Cir. 1999). A single instance of misconduct by subordinates is usually insufficient to demonstrate a supervisor's deliberate indifference. *Slakan*, 737 F.2d at 373.

Brown's Complaint does not state facts that support claims of supervisory liability. Rather, Brown alleges a single incident of misconduct involving two prison guards with no mention of any prior incidents that would have given the supervisors actual or constructive knowledge of the risk alleged by Brown.

In Brown's response to the Motion to Dismiss, he argues that the occurrence of the attack suggests that the supervisory defendants failed to properly train the subordinates. This argument fails for several reasons. First, "[i]t is well-established that parties cannot amend their complaints through briefing." *S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 184 (4th Cir. 2013). Since the allegation concerning inadequate training did not appear in

Brown's Complaint, it makes no difference to the 12(b)(6) analysis. Second, the bare allegation of inadequate training, without any supporting details, is far too conclusory for the court to assume its truth. *Iqbal*, 556 U.S. at 678. Moreover, the bare allegation of failure to train does not render Brown's supervisory liability theory plausible. Brown does not allege a "pattern of similar constitutional violations by untrained employees," which is "ordinarily necessary" for a successful failure-to-train claim. *Connick v. Thompson*, 563 U.S. 51, 62 (2011). For the reasons stated, I will grant the supervisory defendants' Motion to Dismiss.

V.

Based on the foregoing, it is hereby **ORDERED** as follows:

1. The Motion to Dismiss, ECF No. 13, is GRANTED as to defendants Davis, Russell, Robinson, Clarke, and Blevins, and the Clerk shall terminate these defendants as parties to this action; and

2. Defendants Collier and Boggs, having filed only an Answer, are DIRECTED to file any motion for summary judgment within 30 days from the entry of this Opinion and Order, or the action will be set for a jury trial in the Abingdon Division of the court.

ENTER: June 26, 2024

/s/ JAMES P. JONES
Senior United States District Judge