CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
January 08, 2025
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **TYRELL BROWN,** | ) |
| | ) |
| Plaintiff, | ) Case No. 7:23CV00567 |
| | ) |
| v. | ) **OPINION AND ORDER** |
| | ) |
| **CORRECTIONS OFFICER** | ) JUDGE JAMES P. JONES |
| **S. COLLIER, ET AL.,** | ) |
| | ) |
| Defendants. | ) |

*Tyrell Brown, Pro Se Plaintiff; Andrew R. Page, Assistant Attorney General,* OFFICE OF THE ATTORNEY GENERAL, CRIMINAL JUSTICE & PUBLIC SAFETY DIVISION, *Richmond, Virginia, for Defendants.*

The plaintiff, an inmate in the custody of the Virginia Department of Corrections (VDOC) and proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983.  Brown alleges that defendant correctional officers at Wallens Ridge State Prison (Wallens Ridge) used excessive force against him.  The matter is before me on a Motion for Summary Judgment by defendants S. Collier and S. Boggs.  After review of the record, I conclude that the defendants' motion must be denied without prejudice as to the merits of the claims and referred to the magistrate judge for an evidentiary hearing as to the defense that the plaintiff has failed to exhaust his administrative remedies as to these claims.

I. BACKGROUND.

In my prior opinion, I summarized the factual allegations of Brown's § 1983 Complaint as follows:

> Brown alleges that on September 7, 2021, between 3:00 and 4:00 p.m., Brown began experiencing chest pains. He asked Collier to allow him to see a nurse. Collier told Brown to wait for the pill pass scheduled to begin in five minutes. At the pill pass, the nurse gave Brown a form he needed to fill out to receive medication. Brown sat down at a table and began filling out the form. Collier rushed Brown, stating, "If you're not getting medication, you need to step in your cell." Compl. ¶ 8, ECF No. 1.
>
> Having completed the form, Brown walked to the nurse's office door and stood there, waiting to obtain medication. Collier walked over to Brown, yanked his arm, pulled out a can of mace, and sprayed Brown's eyes and face. While doing so, Collier allegedly yelled "racial and sexual slurs." *Id.* at ¶ 10. Around the same time, Boggs, stationed in the gun booth, shot "a green OC maceball projectile into [Brown's] back extremities causing [him] to forcefully fall to the floor." *Id.* at 11. As a result of the officers' attack, Brown suffered back trauma requiring him to wear a back brace, extreme pain due to the irretrievable projectile fragments lodged in his back, and emotional distress including nightmares.

*Brown v. Collier*, No. 7:23CV00567, 2024 WL 3184651, at *1 (W.D. Va. June 26, 2024). I granted a Motion to Dismiss as to all claims except those alleging use of excessive force by Colliers and Boggs. These defendants have now filed for summary judgment, arguing that Brown failed to exhaust his administrative remedies and that his excessive force claim fails on the merits, based on available

surveillance camera footage of the incident at issue.[1]  Brown has filed responses to this motion, making it ripe for disposition.

## II. DISCUSSION.

### A. Standards of Review.

The Federal Rules of Civil Procedure provides that a court should grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  In considering a motion for summary judgment, the court must view the facts and justifiable inferences in the light most favorable to the nonmoving party. *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 312–13 (4th Cir. 2013).  To withstand a summary judgment motion, the nonmoving party must produce sufficient evidence from which a reasonable jury could return a verdict in his favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Under 42 U.S.C. § 1997e(a), a prisoner cannot bring a civil action concerning prison conditions until he has first exhausted his available administrative remedies. This exhaustion requirement is "mandatory," *Ross v. Blake*, 578 U.S. 632, 638 (2016), and "applies to all inmate suits about prison life." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).  To comply with § 1997e(a), an inmate must follow each step of

---

[1] In support of the defendants' exhaustion defense, they submit an affidavit by C. Vilbrandt, Wallens Ridge Grievance Coordinator, who provided details about Brown's grievance records.  Mem. Supp. Mot. Summ. J. at Ex. 1, C. Vilbrandt Aff., ECF No. 22.

the established grievance procedure that the prison facility provides to its inmates and meet all deadlines within that procedure. *Woodford v. Ngo*, 548 U.S. 81, 90–94 (2006). Even if the form of relief the inmate seeks in his lawsuit is not available through the prison's grievance proceedings, he must, nevertheless, properly exhaust all available remedies under that procedure before bringing a civil action in this court. *Booth v. Churner*, 532 U.S. 731, 741 (2001).

B. VDOC Grievance Procedures.

Operating Procedure (OP) 866.1 is the written administrative remedies procedure that VDOC inmates must follow to comply with § 1997e(a). Vilbrandt Aff. & Encl. A, ECF No. 22. All issues are grievable except disciplinary proceedings and matters outside the control of the VDOC. Under OP 866.1, an inmate with a grievance about some event or issue must first make a good faith effort to resolve his concerns informally, which he may do by completing an Informal/Written Complaint form[2] and submitting it to prison staff. He should receive a written response on the bottom of the form within fifteen days, to allow him to initiate the formal grievance procedure by filing a Regular Grievance, with the Informal/Written Complaint form or any other relevant documentation attached. The filing of an

---

[2] This stage of the OP 866.1 procedure is referred to as the Informal Complaint, although the form used at this stage is titled Written Complaint. Therefore, I will refer to the filing as an Informal/Written Complaint. This informal portion of the grievance process also includes making a verbal complaint that is not at issue in this case.

Informal/Written Complaint does not satisfy the exhaustion requirement under § 1997e(a). If the inmate is dissatisfied with the staff response to the Informal/Written Complaint, or fifteen days have passed without a staff response, the inmate may submit a Regular Grievance. A Regular Grievance must be filed within thirty days of the occurrence about which it complains.

Once the Regular Grievance is accepted at intake, the warden or his designee will investigate the complaint it contains and send the inmate a Level I response. If the responding official determines the grievance to be unfounded, the inmate has five days to submit the Regular Grievance and attachments on appeal to Level II, to an appropriate VDOC official such as the Regional Administrator or other administrator, depending on subject matter. In most cases, this Level II review is the final available level of appeal. For full exhaustion, the inmate must submit the claim via an Informal/Written Complaint, then in a Regular Grievance, and then through all levels of appeal available in OP 866.1.

C. Brown's Administrative Remedy Records.

As Grievance Coordinator, Vilbrandt maintains inmate grievance files at Wallens Ridge. In review of Brown's file, Vilbrandt found that Brown filed only one administrative remedy related to the September 7, 2021, incident at issue in this case. Specifically, Brown submitted one Informal/Written Complaint form, Log No. WRSP-21-INF-02016, complaining that Officer Collier lied during Brown's

disciplinary hearing on October 4, 2021, and that Brown was found guilty of a charged infraction. In this filing, Brown asked for review of the audio recording of that hearing. In a response dated October 21, 2021, an officer advised Brown that he should address these issues in his disciplinary appeal proceedings. Brown does not dispute the accuracy of the defendants' evidence about the contents of his grievance file at Wallens Ridge.

Thus, it is undisputed that Brown did not file any Informal/Written Complaint or any Regular Grievance directly addressing his current claim that Officers Collier and Boggs used excessive force against him on September 7, 2021. As he has failed to pursue the Informal/Written Complaint or Regular Grievance phases of the procedure or any appeals that procedure provides, Brown has failed to exhaust administrative remedies as to his excessive force claims against Collier and Boggs and has failed to comply with the exhaustion requirement mandated in 42 U.S.C. § 1997e(a).

The defendants bear the burden of proving the affirmative defense that Brown failed to exhaust administrative remedies regarding his claims before filing suit. *Jones v. Bock*, 549 U.S. 199, 216 (2007). They have done so. Brown can escape summary judgment under § 1997e(a) by showing that the remedies under the established grievance procedures were not "available" to him as to one or more of his claims. *Ross,* 578 U.S. at 643 (noting that circumstances making prison

grievance procedures unavailable "will not often arise"). An administrative remedy is not available "if a prisoner, through no fault of his own, was prevented from availing himself of it." *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008).

Brown submits a sworn and notarized affidavit with his Complaint asserting that he repeatedly asked officers for Informal/Written Complaint forms and Regular Grievance forms, "only to be told [he] <u>must</u> ask and get them from the building Supervisors." Compl. Attach., Brown Aff. 2, ECF No. 1-1. When he asked building supervisors for these forms, they allegedly said he must "tell them why [he] need[ed]" the forms. *Id.* at 3. If Brown refused to tell them a reason, or he told them he intended to use the form to raise a complaint they did not like, they allegedly refused to provide him the requested form(s).[3] Brown also states that he feared retaliation from supervisory officials "due to many threats" from such officials, based on his "trying to exhaust the administrative remedies after being brutally attacked" by Colliers and Boggs. *Id.* In response to the defendants' summary judgment motion, Brown claims that the decision to change the VDOC grievance

---

[3] I note that Brown's Complaint itself, also sworn and notarized, asserts a somewhat contradictory set of facts related to exhaustion:

> [Brown] placed informal complaints, grievances, wrote Warden, Assistant Warden, Mental Health and Emergency grievances and was not able to process complaints and grievances due to [WRSP] staff and administration was on alert to target [Brown] due to him trying to file a lawsuit. Instead was released from Seg early to stop [him] from filing lawsuit.

Compl. 5, ECF No. 1.

procedure in July 2024 proves that the prior grievance procedure as applicable in 2021 was broken and thus unavailable for purposes of the § 1997e(a) exhaustion requirement. For example, the new procedure allows inmates to use a kiosk or a hotline to request grievance forms.

As an initial matter, I reject Brown's argument that changes to the VDOC grievance procedure prove that the procedures were previously unavailable. Such a leap in logic is not warranted by the facts in this case and is contrary to this court's experience with many past prisoner cases where the prior version of the grievance procedure was available and was fully utilized by Wallens Ridge inmates before they filed § 1983 claims.

However, I cannot find that no material fact is in dispute as to the availability of remedies under the circumstances that Brown faced related to this case. In reply to Brown's arguments about exhaustion, the defendants provide no evidence concerning inmates' access to Informal/Written Complaint and Regular Grievance forms under the former grievance procedure in effect at Wallens Ridge in 2021. Nor do they present evidence indicating that inmates could comply with the VDOC grievance procedure steps if officers refused their requests to obtain or submit such forms. I conclude that Brown's submissions, some of which are verified, are sufficient to present a material factual dispute as to whether he had access to the forms necessary to comply with the grievance procedure as required by § 1997e(a).

Accordingly, I will deny the defendants' summary judgment motion on the ground of failure to exhaust administrative remedies. I will refer this issue to the magistrate judge for an evidentiary hearing.

The defendants have also moved for summary judgment on the merits of Brown's excessive force claims, based on their contention that the surveillance video proves that the force the defendants used was proportional under the circumstances. However, at the summary judgment stage, unchallenged "video evidence can only discredit a nonmovant's factual assertions if the video 'blatantly' contradicts the nonmovant's position." *Simmons v. Whitaker*, 106 F.4th 379, 385 (4th Cir. 2024) (quoting *Iko v. Shreve*, 535 F.3d 225, 230 (4th Cir. 2008)). The defendants have provided a copy of the applicable video footage to the court, but do not provide any affidavits from the defendants about what risk they perceived when they decided to utilize mace and a mace projectile against Brown as he walked toward or stood near the nurse's station. Moreover, Brown states that he has not been afforded an opportunity to view the footage so that he could respond regarding the accuracy of its depiction of events. Thus, I cannot find the video footage to be unchallenged at this time. Under such circumstances, I will deny without prejudice the defendants' summary judgment motion as to the merits of Brown's claims. Any renewal of the motion for summary judgment as to the merits of the plaintiff's claims will be

considered, if necessary, only after resolution of the administrative exhaustion defense.

### III. Conclusion.

For the stated reasons, it is **ORDERED** as follows:

1. All claims against VDOC, referred to as Department of Corrections on the docket, are DISMISSED for the reasons stated in the earlier opinion of the court, and the Clerk shall terminate it as a party;

2. The Motion for Summary Judgment, ECF No. 20, is DENIED WITHOUT PREJUDICE; and

3. The case is hereby REFERRED to United States Magistrate Judge Pamela Meade Sargent, pursuant to 28 U.S.C. § 636(b)(1), for an evidentiary hearing and preparation of a Report and Recommendation on the availability of administrative remedies and a recommended disposition of the exhaustion defense.

ENTER: January 8, 2025

/s/ James P. Jones
Senior United States District Judge