CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

September 15, 2025

LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
      DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

|   |   |   |
|---|---|---|
| **TYRELL BROWN,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:23CV00567 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **CORRECTIONS OFFICER** | ) | JUDGE JAMES P. JONES |
| **S. COLLIER, ET AL.,** | ) | |
| | ) | |
| Defendants. | ) | |

*Tyrell Brown, Pro Se Plaintiff; Andrew R. Page, Assistant Attorney General,* OFFICE OF THE ATTORNEY GENERAL, CRIMINAL JUSTICE & PUBLIC SAFETY DIVISION, *Richmond, Virginia, for Defendants.*

Plaintiff Tyrell Brown, a state prisoner, brought this action under 42 U.S.C § 1983, alleging that S. Collier and S. Boggs, both correctional officers at Wallens Ridge State Prison (Wallens Ridge), used excessive force against him. While I previously denied the defendants' Motion for Summary Judgment as to the merits of Brown's claim, Op. & Order, Dkt. No. 29, I reserved ruling on the defendants' defense that Brown had failed to exhaust available administrative remedies as required under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), and referred that issue to the magistrate judge for a factual determination.

Following an evidentiary hearing, the magistrate judge issued a Report and Recommendation in which she determined that administrative remedies were

sufficiently available to Brown and that he had failed to exhaust them. R. & R. 8, Dkt. No. 45. The plaintiff has responded to the Report and Recommendation, and after my review of the record, including a transcript of the magistrate judge's hearing, at which the plaintiff and two other witnesses testified, I will grant summary judgement to the defendants because of Brown's failure to exhaust his available administrative remedies as to his claims in this case. Tr., Dkt. No. 48.

## I.  FACTS.

The facts, as found by the magistrate judge, are as follows.

Brown alleges that, while he was incarcerated at Wallens Ridge, correctional officers attacked him with mace and fired a projectile that hit his back, which caused Brown to suffer pain and psychological distress. Brown claims that he intended to file grievances regarding the incident but was unable to follow administrative grievance procedures because officers thwarted his efforts.

The Virginia Department of Corrections' grievance procedure provides a multi-step process for inmate complaints. First, an inmate must make an attempt to resolve the issue informally, which can be done through the filing of a Written Complaint (previously "Informal Complaint"). If the issue remains unresolved, the inmate may then submit a more formal Regular Grievance. To satisfy the exhaustion requirement, the inmate must appeal an adverse decision on the Regular Grievance form through all available levels.

Brown filed Written Complaints with the Mental Health Department and the Disciplinary Hearings Office and has submitted copies of these Written Complaints. He also sent an Offender Request form to the Assistant Warden. Wallens Ridge staff responded to one of Brown's submissions, instructing that Brown "need[ed] to write" to the Grievance Department to make an informal complaint. Ex. & Witness List Ex. 4, Dkt. No. 44-4. However, Brown did not file a Written Complaint with the Grievance Department, which is established as the proper recipient. During the evidentiary hearing, Brown explained that fellow inmates provided him with the Written Complaint forms because they had extra copies.

Brown also claims that he repeatedly asked officers for a Regular Grievance form, but the officers told him that the forms were unavailable or that they would come back later with a form, but never returned. At the evidentiary hearing, Franklin Santos, a Virginia Department of Corrections employee, testified that Regular Grievance forms are locked in an office and are only available upon request. Tr. 40, Dkt. No. 48. Santos also explained that the office sometimes runs out of Regular Grievance forms because some inmates hoard them. *Id.* However, he clarified that he and several other Wallens Ridge staff can print them out upon request. Brown, who made regular visits to Santos' office, could have requested a Regular Grievance form from him. In addition, Brown testified that after he had struggled to obtain a Regular Grievance form, he contacted an institutional attorney, who provided him

3

with one. There is no evidence that Brown filled out or submitted a Regular Grievance after obtaining the form.

## II. STANDARD OF REVIEW.

Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if its existence or non-existence could result in a different jury verdict. *JKC Holding Co. v. Wash. Sports Ventures, Inc.*, 264 F.3d 459, 465 (4th Cir. 2001). When ruling on a summary judgment motion, the court should consider the parties' pleadings, depositions, answers to interrogatories, admissions on file, and affidavits. *Celotex Corp. v. Catrett ex rel. Catrett*, 477 U.S. 317, 322 (1986). "[T]he nonmoving party must rely on more than conclusory allegations, mere speculation, the building of one inference upon another, or the mere existence of a scintilla of evidence." *Johnson v. United Parcel Serv., Inc.*, 839 F. App'x 781, 783 (4th Cir. 2021) (unpublished) (quoting *Humphreys & Partners Architects, L.P. v. Lessard Design, Inc.*, 790 F.3d 532, 540 (4th Cir. 2015)).

The Prison Litigation Reform Act ("PLRA") requires that before an inmate may bring a claim, he must first fully exhaust all available administrative remedies. 42 U.S.C. § 1997e(a); *Woodford v. Ngo*, 548 U.S. 81, 83–84 (2006). Failure to exhaust is an affirmative defense and the burden falls on the defendant to prove the inmate's failure to exhaust. *Jones v. Bock*, 549 U.S. 199, 216 (2007). The exhaustion

4

requirement is mandatory and unequivocal. *Booth v. Churner*, 532 U.S. 731, 739–41 (2001). An inmate must exhaust his available administrative remedies before filing suit and is not entitled to a stay of the proceedings to cure exhaustion deficiencies. *Johnson v. Taylor*, No. 7:08CV00022, 2009 WL 691207, at *5 n. 16 (W.D. Va. Mar. 16, 2009).

If the defendant adequately demonstrates an exhaustion defense, the inmate's case is deemed procedurally defective and must be dismissed. *Booth*, 532 U.S. at 741. However, a court may excuse a prisoner's failure to exhaust an administrative remedy if a prisoner "through no fault of his own, was prevented from availing himself of" the remedy. *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008). This includes instances when prison officials interfere with a prisoner's ability to properly use or follow the administrative process. *Bacon v. Greene*, 319 F. App'x 256, 257–58 (4th Cir. 2009) (unpublished).

### III. Recent Precedent as to Proper Fact-Finder.

While not raised by the parties, I must consider a recent decision of the Supreme Court to determine whether exhaustion under the PLRA in this case must be decided by a jury. In *Perttu v. Richards*, an inmate plaintiff sued a prison staff member for alleged abuse, as well as retaliation after the plaintiff filed grievances. 605 U.S. 460 (2025). The defendant denied that he had interfered with or thwarted

the grievance process and raised the affirmative defense of the plaintiff's failure to exhaust.

The parties acknowledged that the facts surrounding exhaustion were in dispute, and that the resolution of the exhaustion issue would implicate the ultimate determination of the plaintiff's retaliation claim. However, they disagreed about who was the proper adjudicator of the exhaustion dispute. The Court held that when the facts of exhaustion under the PLRA are intertwined with the merits of a claim that necessitates a jury trial under the Seventh Amendment, a party has a right to a jury trial on the issue of exhaustion. *Id.* at 478–81. However, when exhaustion can be adjudicated without implicating the underlying merits of the case, the judge may rule on it.

Here, the merits of Brown's claims concern the officers' use of excessive force. Brown does not allege that the officers retaliated against him for filing grievances and does not bring substantive claims that implicate whether administrative remedies were available to him. Therefore, I find that *Perttu* does not entitle Brown to a jury trial as to exhaustion and I may make the determination on that issue.

IV. Conclusion.

The parties do not dispute that Brown failed to follow all steps of the grievance procedure. However, they dispute whether the remedies were available to Brown.

6

Brown claims that officers' efforts to prevent him from using the grievance mechanism excuse his failure to exhaust.

The magistrate judge found that the grievance procedure at Wallens Ridge was available to Brown at the time in question. Specifically, she notes Brown's testimony that he received Written Complaint forms from fellow inmates and the Regular Grievance form from the institutional attorney. She also highlights Santos' testimony that Brown regularly visited his office and never requested either form, which Santos could have printed for him. Further, upon arrival at Wallens Ridge, Brown was provided with a packet outlining the proper grievance procedure. Tr. 23, Dkt. No. 48. (Brown testifying that "[t]hey give us a package to sign about the medical process and grievance process and stuff like that, yes.") Still, despite his testimony that he knew it was required, Brown did not submit his Written Complaint to the Grievance Department. *Id.* at 23–24.

While Brown may have encountered challenges and delays in accessing the necessary forms, I do not find that these difficulties made Wallens Ridge's remedies unavailable to him. Ultimately, Brown obtained both Written Complaint and Regular Grievance forms and failed to file them with the relevant offices. Therefore, I will adopt the magistrate judge's report and recommendations and hold that Brown has not satisfied the PLRA's requirements before bringing this suit. I find that the defendants have proved that Brown failed to exhaust his available administrative

7

remedies as required under the PLRA.  Accordingly, the magistrate judge's Report and Recommendation, Dkt. No. 45, is fully ACCEPTED and the defendants' Motion for Summary Judgment, Dkt. No. 20, is GRANTED.

A separate judgment in favor of the defendants will be entered forthwith.

It is so **ORDERED**.

                                            ENTER:  September 15, 2025

                                            /s/  JAMES P. JONES
                                            Senior United States District Judge